UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PATRICK DRUM,

    Plaintiff,

    v.

HAROLD CLARKE,

    Defendants.

Case No. C06-5360 RBL/KLS

ORDER TO AMEND THE COMPLAINT

This civil rights action has been referred to United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Plaintiff names Harold Clarke, in his official capacity, as defendant. (Dkt. # 1). Plaintiff alleges, *inter alia*, that the Department of Corrections (DOC) is violating the First, Fifth and Fourteenth Amendment rights of inmates because the DOC does not require its officers to sign inmate death and/or accident reports under penalty of perjury, DOC officers are not required to list witnesses on inmate death/accident reports; inmates have no right to request security video tapes; and inmates have no right to submit video tapes as evidence of innocence at inmate hearings.

The Court, having reviewed plaintiff's complaint, and the balance of the record contained herein, does hereby find and ORDER as follows:

    (l)    The Court declines to order that plaintiff's complaint be served on defendants until he corrects the deficiencies identified below:

        (a)    In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that (l) the conduct complained of was committed by a person acting under color of state law and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the

ORDER

Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled on other grounds*, Daniels v. Williams, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985), cert. denied, 478 U.S. 1020 (1986).

(b)   Plaintiff must also allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir. 1981). A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory responsibility or position. Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694 n.58 (1978). A theory of *respondeat superior* is not sufficient to state a § 1983 claim. Padway v. Palches, 665 F.2d 965 (9th Cir. 1982).

Plaintiff has plead very generalized complaints on behalf of an unspecified number of inmates. Plaintiff cannot act on behalf of others, but must bring his action on his own behalf and must plead specific conduct that has been committed by a person or persons acting under color of state law that deprived him of a right, privilege or immunity secured by the Constitution.   Plaintiff must plead specific facts showing how and when and by whom he was harmed by that conduct.

(2) Plaintiff is instructed to file an amended complaint curing, if possible, the above-mentioned defect by **August 31, 2006.**   If an amended complaint is not timely filed, or if plaintiff fails to adequately correct the deficiencies identified in this Order, the Court will recommend dismissal of this action as frivolous.

(3) The Clerk is directed to send plaintiff a copy of this Order and the General Order.

DATED this 18th day of July, 2006.

Karen L. Strombom
United States Magistrate Judge

ORDER