UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PATRICK DRUM,

    Plaintiff,

v.

HAROLD CLARKE,

    Defendant.

Case No. C06-5360 RBL/KLS

ORDER GRANTING IN PART AND DENYING IN PART VARIOUS MOTIONS FILED BY PLAINTIFF

This civil rights action has been referred to United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1)(B) and Local MJR 3 and 4. Presently pending before the Court are numerous motions filed by Plaintiff. In this Order, the Court will discuss and rule on several of Plaintiff's outstanding motions.[1]

## I. DISCUSSION

Plaintiff has filed a civil rights lawsuit under 42 U.S.C. § 1983 naming Harold Clarke, Secretary of the Department of Corrections (DOC) as sole Defendant. (Dkt. # 11). Plaintiff alleges

---

[1] Plaintiff's Motion for Distribution of Declaration Forms and to Attach Affidavit to Declaration Forms (Dkt. # 50, #56), Motion that Subpoenas and Depositions be Sent by Legal Mail (Dkt. # 55), Motions for Class Action (Dkt. # 77, 86), and two third party motions to join (Dkt. # 87, 88) shall be addressed by separate order.

ORDER - 1

1   that his constitutional rights were violated by Defendant Clarke because he manages policies and
2   dictates rules for DOC.  (Id. at 2).  Plaintiff alleges that a corrections officer used excessive force and
3   injured him during an infraction hearing.  Plaintiff alleges that the incident was captured on video
4   tape but because the tape was disposed of pursuant to DOC policy, he was not able to present
5   evidence of his innocence contrary to written reports stating otherwise.  (Id. at 3).  Plaintiff seeks an
6   order directing DOC to create a policy to retain security camera videos.  (Id.).

**A.      Motion to Verify and Confirm Authenticity of Amended Complaint (Dkt. # 48)**

Plaintiff seeks to have his Amended Complaint, its attachments, and his declarations verified and authenticated by the Court.  (Dkt. # 48).  Defendants object to the motion on the grounds that there is no legal basis for Plaintiff's request, it is not the Court's function to verify documents, and Defendants have not been served with all the documents Plaintiff seeks to have verified and authenticated.  (Dkt. # 65).

There is no legal basis for the relief Plaintiff seeks.  This Court does not verify documents nor will it rule upon the authenticity of evidence at this stage in the litigation.  Such evidentiary rulings are normally reserved for pre-trial motions following submission of the parties' joint status report and exhibit lists.  Accordingly, Plaintiff's motion (Dkt. # 48) shall be denied.

**B.      Motion for Order that Notaries Public Serve Subpoenas (Dkt. # 52),  Motion for Issuance of Subpoenas (Dkt. # 53), Motion for Deposition Upon Written Questions (Dkt. # 54), and Motion for Order that SCCC Serve Subpoena (Dkt. # 59)**

   **1.      Deposition Upon Written Questions, Issuance and Service of Subpoenas**

Plaintiff seeks to take the depositions upon written questions of eleven individuals.  (Dkt. # 54).  Plaintiff also requests the issuance of twelve subpoenas.  (Dkt. # 53).  Eleven of the subpoenas are related to the depositions upon written questions and one of the subpoenas is for the production

ORDER - 2

1  of documents pursuant to Rule 45, directed to the Associate Superintendant of Stafford Creek

2  Corrections Center.  Plaintiff's request for subpoenas shall be dealt with in subparagraph 2 below.

3         Defendant objects to Plaintiff's motion to take the depositions upon written questions

4  because Plaintiff failed to serve the written questions on Defendant to allow the lodging of objections

5  and submission of cross-questions, and because Plaintiff seeks to take in excess of the ten depositions

6  allowed under Fed. R. Civ. P. 31(a)(2)(A).  (Dkt. # 63).  Plaintiff states that he did serve Defendant,

7  although it is unclear whether such service occurred prior to or concurrent with these motions.  (Dkt.

8  # 75).

9         While Defendant has provided the Court with general objections to the written questions,

10 specific objections have not been lodged, the parties have not conferred, and there is no discovery

11 motion for the Court's consideration.

12        Additionally, Plaintiff has not provided the Court with an adequate explanation of why he

13 should be allowed to take more than the ten depositions allowed under the Rules.  *See* Fed. R. Civ.

14 P. 30(a)(2)(A) and 31(a)(2)A.  To the extent Plaintiff wishes to take additional depositions, he

15 should first confer with opposing counsel.  If the parties cannot agree, Plaintiff must seek leave of

16 Court pursuant to the rules.  The Plaintiff should set forth specifically the information he seeks and

17 why the information he seeks is relevant and necessary.

18        Fed. R. Civ. P. 31 provides that a party desiring to take a deposition upon written questions

19 shall serve them upon every other party with a notice describing the person to be deposed and all

20 questions, including cross-redirect and re-cross.  *See* Rule 31 and Advisory Committee Notes.

21 Service is required so that all parties may be informed and able to fully participate in the proceedings.

22

23        The parties need to follow Rule 31(a)(3) and (4).  Once all questions for the deponent have

24 been set forth, they are all to be provided to the person conducting the deposition (along with a copy

25 of the notice of deposition), who records the answers.

26 ORDER - 3

1  The Court also strongly urges the parties to confer in an attempt to come to an agreement
2  with regard to the individual who shall serve as the "officer designated in the notice" who shall take
3  the testimony of the witness in response to the questions and to prepare, certify and file or mail the
4  deposition in the manner provided by Rule 30( c), (e) and (f).[2]  If the parties are unable to agree in
5  this regard, Plaintiff is invited to renew his motion.

**2.  Motion for Subpoenas (Dkt. # 53)**

The Clerk of the Court will issue ten subpoenas and send them to Plaintiff.  Once all the written questions have been exchanged pursuant to Fed. R. Civl P. 31(a)(4) as discussed above, Plaintiff must complete them with the names and addresses of the witnesses to be deposed[3] and proceed as directed in Fed. R. Civ. P. 31(b).

Plaintiff is advised that he must bear his own discovery costs, including service of subpoenas on third parties.  Related to Plaintiff's request for the issuance of subpoenas, is Plaintiff's motion that institutional notaries public be appointed to serve the subpoenas in his stead.  (*See* Dkt. # 52; Defendants' Response at Dkt. # 63).  Plaintiff provides no authority for such a request, but his request appears to be based on a mistaken belief that Rule 31 requires the officer taking the deposition to serve the deposition notice.  The rule simply requires the <u>party</u> taking the deposition; in this case, the Plaintiff, to effect service, which includes obtaining "a person who is not a party and is not less than 18 years of age" to serve the subpoena.  The Clerk of the Court shall issue the

---

[2] The Court anticipates that the Attorney General's office shall be designated as the party to retain the originals of the answers to the written questions (with copies provided to Plaintiff) given the possibility that Plaintiff's legal materials may be moved.

[3] Although Defendant complains that Plaintiff has not identified the persons whom he wishes to depose, Rule 31 states that if the name of the person is not known, a general description sufficient to identify the person or the particular class or group to which the person belongs should be included.  Plaintiff has sufficiently done so.

ORDER - 4

subpoena, but it is up to the party to complete it before service. Fed. R. Civ. P. 45(a)(3). Despite Plaintiff's *in forma pauperis* status, Plaintiff bears the burden of ensuring that service is completed according to the dictates of Rule 45.

Included in Plaintiff's request for subpoenas (Dkt. # 53), is a Rule 45 subpoena directed to Victoria Roberts, the Associate Superintendent of SCCC, for the production of documents related to the disciplinary hearing and appeal hearing of inmate James Davis. According to Plaintiff, these documents relate to a correction officer's claim that Mr. Davis handed another inmate a bag of marijuana. Plaintiff states further that the security tape in Mr. Davis' case reflects that there was no hand-off of drugs but simply a hand-shake between the inmates, but that, as in his case, the security tape was not retained. Plaintiff maintains that this information is necessary because it supports his allegation that the non-retention of security tapes is a statewide pattern. (Id. at 2). Plaintiff states further that the evidence is not confidential and the investigation is concluded.

Defendant objects to the information requested on the grounds that Plaintiff is seeking information regarding another inmate. Defendant states that it is against DOC practice and policy and that an inmate may not obtain information regarding another inmate as this information can be a threat to the safety and security of the institution. Defendant further objects on the grounds that Plaintiff may not discover documents from a non-party, and that Plaintiff has not met the requirements of Fed. R. Civ. P. 31(a)(3) as the questions were never served on Defendant. (Dkt. # 63).

Contrary to Defendant's last stated objection, Plaintiff does not seek the information through Rule 31(a)(3), but through a Rule 45 subpoena, which is a proper vehicle to seek the production of documents from a non-party witness. Additionally, as Plaintiff is not seeking to depose Ms. Roberts, the request is not subject to the ten deposition limit of Rule 31. However, as noted above, Plaintiff is required, pursuant to the dictates of Rule 45 to complete the subpoena and ensure that it is properly served on Ms. Roberts in accordance with the dictates of Rule 45 at his own expense. After the

ORDER - 5

subpoena has been properly served on Ms. Roberts, and a copy on Defendant, Defendant and/or Ms. Roberts may file objections, the parties shall confer in an attempt to reach an amicable agreement as to any objections lodged, and in the event there remains a dispute, shall file a certificate that a good faith effort to confer was made prior to filing any motion to compel and/or for protective order with this Court.

Accordingly, Plaintiff's motion for a subpoena directed to Ms. Roberts shall be granted. Plaintiff's motion to appoint notaries public to serve subpoenas (Dkt. # 52) shall be denied; motion for issuance of subpoenas (Dkt. # 53) and motion for depositions upon written questions shall be granted (for ten depositions); and motion for order that SCCC serve subpoena upon Superintendent Roberts (Dkt. # 59) shall be denied.

**C.    Motion to File Supplemental Pleadings (Dkt. # 57)**

Plaintiff seeks to supplement his Amended Complaint with an attachment.  (Dkt. # 57). Plaintiff filed his original complaint on June 23, 2006.  (Dkt. # 5).  On July 31, 2006, Plaintiff filed an Amended Complaint completely superseding his original complaint.  (Dkt. # 11).  On November 9, 2006, the Court granted Plaintiff's motion to amend his complaint a second time, with attachments. (Dkt. # 31).  At that time, the Plaintiff was advised that the amended complaint should include all parties, factual allegations, causes of action, relief sought and exhibits.  (Id. at 3).  The Court stated further that it would not accept any supplements to or references to earlier filings as part of the second amended complaint.  (Id.).

Plaintiff now seeks to supplement his second Amended Complaint with a document, a kite that he "prepared on January 7, 2007 and submitted using normal interdepartmental jail proceedings and which was returned to him on January 12, 2007 by way of a correctional officer handing it back to him through his cell door."  (Dkt. # 57).  Plaintiff contends that this kite further supports his claims and that it is a "transaction, occurrence and event that has occurred since Dkt. # 38 [the

ORDER - 6

Amended Complaint] was filed."

Defendant objects, arguing that there is no need to amend the complaint with the information as it is unnecessary, irrelevant and does not add to the complaint. (Dkt. # 63). Defendant further argues that what Plaintiff is proposing is not a proper amendment as it does not fully supersede Plaintiff's prior complaint. Defendant also objects as Plaintiff failed to properly serve his motion on Defendant.[4] (Id. at 4.).

Plaintiff proposes a supplement, not an amendment to the Amended Complaint with the attachment of the kite, and is apparently relying on the "relation back" language of Rule 15. The purpose of Rule 15(d) is to promote as complete an adjudication of the dispute between the parties as possible by allowing the addition of *claims* which arise after the initial pleadings are filed. *See Case-Swayne Co. v. Sunkist Growers, Inc.*, 369 F.2d 449, 462 (9th Cir. 1966), rev'd on other grounds, 389 U.S. 394 (1967) [emphasis added].

While the attachment may be evidence of a factual occurrence that relates to Plaintiff's claim, it does not give rise to a *separate* claim or defense arising out of the same conduct, transaction or occurrence. Thus, the Court finds no reason to allow the proposed supplement. Rather, the attachment may be a matter of discovery or evidence that Plaintiff may wish to use in his case at trial. Accordingly, Plaintiff's motion to supplement the Amended Complaint (Dkt. # 57) shall be denied.

---

[4]Defendant raises this objection to several of Plaintiff's motions. In a later filing, Plaintiff explains that he has been serving copies of his motions on defense counsel. Plaintiff makes reference to mail logs in Attachments A through D and his Declaration in Exhibit 1. (*See* Dkt. # 75). However, neither the Attachments nor Exhibit were attached to the Court's copy. As a matter of practice, Plaintiff should include a proof of service with all motions, pretrial statements and other filings. *See* Dkt. # 47. "Such proof of service shall accompany both originals and duplicates filed with the Court." Id. Failure to do so may subject Plaintiff to sanctions. This also ensures that the Court and parties remain informed that service has been completed and avoids confusion.

ORDER - 7

**D.     Motion for Order to Refute Kite (Dkt. # 58)**

Plaintiff moves for an Order directing Defendant refute the authenticity or waive the issue of authenticity of a kite, which he has attached in "Addendum One." (Dkt. # 58). According to Plaintiff, there are several copies to a kite, only one of which, the white copy, is issued to Plaintiff. Apparently, one or more copies is retained by the DOC. Plaintiff states that he served Defendant's counsel with a copy of his motion and that Defendant retains a copy of the kite in question.

Defendant states that he will not waive any issues as to authenticity for any kite submitted by Plaintiff nor will he make any comment regarding the document. Additionally Defendant argues that it is not the duty of the Court to order the Defendant to accept any documents provided by Plaintiff as authentic without being able to fully inspect such document. Finally Defendant states that he was never served with Plaintiff's motion. (Dkt. # 63).

The Court declines to rule on any issues of authenticity at this stage in the litigation. Evidentiary issues are normally reserved for pre-trial motions following the filing of the parties' joint status report. Accordingly, Plaintiff's motion (Dkt. # 58) is denied.

**E.     Motion to Determine Sufficiency of Answer and Objection (Dkt. # 60), Motion for Evidentiary Judicial Hearing and *In Camera* Review (Dkt. # 61), Motion to Determine the Sufficiency of Answer and Objections to Second Request for Admissions (Dkt. # 66)**

Plaintiff moves the Court to rule upon the sufficiency of Defendant's answer and objection to Plaintiff's request for admission. (Dkt. # 60). Defendant objects to the motion on the grounds that Plaintiff has failed to comply with Rule 37(a)(2)(A)'s requirement to meet and confer. Plaintiff's motion contains no certification that he has made a good faith attempt to meet and confer with opposing counsel prior to filing his motion. (Dkt. # 64).

Plaintiff also moves the Court to rule upon several objections made by Defendant to Plaintiff's first set of interrogatories and also requests *in camera* review of information identified by

ORDER - 8

Defendant as confidential so that the Court may determine whether the information is subject to disclosure. (Dkt. # 61). Defendant objects to the motion on the grounds that Plaintiff has failed to comply with Rule 37(a)(2)(A)'s requirement to meet and confer. (Dkt. # 64). Plaintiff argues that no such requirement exists.

Finally, Plaintiff asks the Court to rule on the sufficiency of Defendant's answers and objections to Plaintiff's second requests for admissions. (Dkt. # 66). Plaintiff attaches Defendant's answers and objections, but fails to submit a certification that he has made a good faith attempt to meet and confer with opposing counsel prior to filing his motion.

Plaintiff is advised that the parties must confer on all discovery issues prior to seeking relief from the Court. Pursuant to Rule 37(a)(2)(A), if a party fails to make a disclosure required by Rule 26(a), any other party may move to compel and for appropriate sanctions. However, the motion <u>must include a certification that the movant has in good faith conferred or attempted to confer with the party not making the disclosure in an effort to secure the disclosure without court action</u>. Id. [emphasis added].

Accordingly, the Plaintiff's motions (Dkt. # 60, 61 and 66) will be denied. The Court will not entertain motions to compel without certifications that the parties have first made a good faith attempt to confer and resolve their discovery differences.

Consistent with the foregoing, **IT IS ORDERED AS FOLLOWS:**

1. Plaintiff's Motion to Verify and Confirm Authenticity of Amended Complaint (Dkt. # 48) is **DENIED**;

2. Plaintiff's Motion for Order that Notaries Public Serve Subpoenas (Dkt. # 52) is **DENIED**;

3. Plaintiff's Motion for Issuance of Subpoenas (Dkt. # 53) is **GRANTED**; and the Clerk of the Court is directed to issue ten (10) Subpoenas and mail them to Plaintiff for completion and service;

4. The Clerk of the Court shall also issue a Subpoena and mail it to Plaintiff for completion and service on Victoria Roberts, Associate Superintendent of Stafford Creek Corrections Center ;

ORDER - 9

5. Plaintiff's Motion for Deposition Upon Written Questions (Dkt. # 54) is **GRANTED to the extent Plaintiff shall be allowed to submit questions for ten (10) depositions;**

6. Plaintiff's Motion for Order that SCCC Serve Subpoena (Dkt. # 59) is **DENIED**;

7. Plaintiff's Motion to File Supplemental Pleadings (Dkt. # 57) is **DENIED**;

8. Plaintiff's Motion for Order to Refute Kite (Dkt. # 58) is **DENIED**;

9. Plaintiff's Motion to Determine the Sufficiency of Answers and Objections (Dkt.# 60) is **DENIED**;

10. Plaintiff's Motion for Evidentiary Hearing and *In Camera* Review (Dkt. # 61) is **DENIED**;

11. Plaintiff's Motion to Determine Sufficiency of Answers and Objections to Second Requests for Admission (Dkt. # 66) is **DENIED;** and

12. The Clerk is directed to send copies of this Order to Plaintiff and counsel for Defendants.

DATED this <u>6th</u> day of March, 2007.

Karen L. Strombom
United States Magistrate Judge

ORDER - 10