UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PATRICK DRUM,

    Plaintiff,

v.

HAROLD CLARKE,

    Defendant.

Case No. C06-5360 RBL/KLS

REPORT AND RECOMMENDATION

**NOTED FOR:**
**APRIL 13, 3007**

This civil rights action has been referred to United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1)(B) and Local MJR 3 and 4. Presently before the Court is Plaintiff's Motion for Distribution of Declaration Forms (Dkt. # 50) and a related Motion to Attach Affidavit to Declaration Forms (Dkt. # 56). For the reasons set forth below, the Court recommends that the motions be denied.

## I. PROCEDURAL BACKGROUND

Plaintiff has filed a civil rights lawsuit under 42 U.S.C. § 1983 naming Harold Clarke, Secretary of the Department of Corrections (DOC) as sole Defendant. (Dkt. # 11). Plaintiff alleges

ORDER - 1

that his constitutional rights were violated by Defendant Clarke because he manages policies and dictates rules for DOC. (Id. at 2). Plaintiff alleges that a corrections officer used excessive force and injured him during an infraction hearing. Plaintiff alleges that the incident was captured on video tape but because the tape was disposed of pursuant to DOC policy, he was not able to present evidence of his innocence contrary to written reports stating otherwise. (Id. at 3). Plaintiff seeks an order directing DOC to create a policy to retain security camera videos. (Id.).

Plaintiff requests that the Court issue an order directing the Defendant, as the Secretary of the Washington State Department of Corrections (DOC): (1) distribute a declaration form, prepared by Plaintiff, to all male and female DOC inmates by statewide distribution procedures; (2) notify all institutions that Plaintiff shall be entitled to "legal copies" and "legal mail" privileges as to the receipt of mail from all DOC facilities for thirty-five days after screening; (3) notify all necessary officials of the privileges, including mailroom and legal mail officers; and (4) place a transfer hold on Plaintiff so that he is not transferred from his present facility prior to completion of the Order. (Dkt. # 50, 2-5).

The substance of the proposed declaration, attached as Exhibit 1 to Plaintiff's motion, is set forth in its entirety for the Court's convenience, as follows:

> If any Washington State Department of Corrections (DOC) inmates have ever asked that a security tape be retained for evidence of innocence at a DOC Hearing and been refused that request; then Plaintiff Patrick Drum is requesting a declaration for the above identified case. This case is not for financial or monetary gain; it is to have a right to secure such tapes in support of claims of innocence, and that a hearings officer have a duty to review the tape upon request. If you choose to submit a declaration, please include as much factual information as possible, such as (i) infraction violation with its number; (ii) Hearing I.D. Number; (iii) if you requested the security tape on record at the hearing; (iv) dates of infraction, infraction hearing, and requests; (v) how request was made (verbal, kite, ect.) [sic]; and (vi) sanctions as a result of the infraction, including any criminal charges in a formal court of record. Please attach copies of any Inmate's kits, grievances, or other supporting documentation. If more room is needed for declaration, then attach additional sheets, each numbered and signed at the bottom. This is a declaration for court purposes and will be submitted as supporting evidence to a United States District Court and will be eligible for public disclosure. I am not a lawyer and have no legal training. You have no obligation to submit this declaration. If you choose to submit a declaration you may be called upon as a witness. Outside of a courtroom or video taped legal testimony, as a witness you have no legal obligation to talk to Defendant Clarke's

ORDER - 2

counsel from the Attorney General's Office for any reason, nor anyone else for that matter. If you are called upon for a video taped legal testimony, or "deposition," both parties of this case have a legal right to be present. If you wish to be a Plaintiff in this action, then you should include that in your declaration, though take notice you will incur part of the debts if we lose. If we were to win, you would gain no money.

Send one (1) copy of this declaration and supporting documents to:

>Patrick Drum #784289
>"Via: inmate to inmate
>Screened Legal Correspondence"
>Stafford Creek Corrections Center
>IMU FN-B15
>191 Constantine Way
>Aberdeen, WA 98520

If addressed as above, there is a court order to treat Patrick Drum as a legal entity for purposes of "legal copies" of your declaration and documents and for sending them "legal mail," however such material is not confidential and will be screened for security purposes. Your declarations should contain absolutely no personal correspondence nor greeting. The mentioned court orders are valid for 30 days from the day you receive this form.

(Id., Exh. 1).

Plaintiff argues that many inmates suffer the same injury alleged in his Amended Complaint, but because he is in solitary confinement, he cannot interact with other inmates to obtain their declarations or statements. (Id. at 1-2). Plaintiff alleges further that even if he were housed in the general population, he is unable to communicate with the Washington State Corrections Center for Women. (Id. at 2). Plaintiff contends that the declaration is in no way unreasonable and is necessary to support his claims and provide potential witnesses who have knowledge of the issues in his case. (Id.).

In his Motion to Attach Affidavit (Dkt. # 56), Plaintiff requests that his affidavit be attached to the declaration sent to each inmate as set forth above. In the affidavit, Plaintiff states that he will be solely responsible for the cost of litigation should any inmate choose to join the lawsuit as a plaintiff. (Id., Exh. 1).

Defendant argues that Plaintiff has failed to follow DOC policy to allow inmate-to-inmate

ORDER - 3

correspondence and is improperly requesting the Defendant to bear the expense of Plaintiff's discovery. (Dkt. # 65). Defendant further argues that although Plaintiff is requesting a preliminary injunction for unlimited legal mail access and correspondence with other inmates at DOC expense, has failed to meet the standard for such prospective relief.

## I. DISCUSSION

Under the Prison Litigation Reform Act, 18 U.S.C. § 3626 (PLRA), Plaintiff is not entitled to prospective relief unless the court enters the necessary findings required by the Act:

> The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of a Federal right, and is the least intrusive means necessary to correct the violation of the Federal right. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief.

18 U.S.C. § 3626(a)(1)(A).

In civil rights cases, injunctions must be granted sparingly and only in clear and plain cases. *Rizzo v. Goode*, 423 U.S. 362, 378 (1976). This holding applies even more strongly in cases involving the administration of state prisons. *Turner v. Safley*, 482 U.S. 78, 85, 107 S. Ct. 2254 (1987). "Prison administration is, moreover, a task that has been committed to the responsibility of those [executive and legislative] branches and separation of powers concerns counsels a policy of judicial restraint. Where a state penal system is involved, federal courts have . . . additional reason to accord deference to the appropriate prison authorities." *Id.*

In order to justify the extraordinary measure of injunctive relief under Federal Rule of Civil Procedure 65, the moving party bears a heavy burden. *Canal Authority of the State of Florida v. Callaway*, 489 F.2d 567 (5th Cir. 1974). A party seeking a preliminary injunction must fulfill one of two standards: the "traditional" or the "alternative." *Johnson v. California State Bd. Of Accountancy*, 72 F.3d 1427, 1430 (9th Cir. 1995); *Cassim v. Bowen*, 824 F.2d 791, 795 (9th Cir.

ORDER - 4

1987). Although two tests are recognized, they are not totally distinct tests. Rather, they are "extremes of a single continuum." *Funds for Animals, Inc. v. Lujan*, 962 F.2d 1391, 1400 (9th Cir. 1992).

Under the traditional standard, a court may issue preliminary relief if it finds that: (1) the moving party will suffer irreparable injury if the relief is denied; (2) the moving party will probably prevail on the merits; (3) the balance of potential harm favors the moving party; and (4) the public interest favors granting relief. *Cassim*, 824 F.2d at 795. Under the alternative standard, the moving party may meet its burden by demonstrating either (1) a combination of probable success and the possibility of irreparable injury or (2) that serious questions are raised and the balance of hardships tips sharply in its favor. *Id.* at 795. Under either test, Plaintiff fails to carry his burden to obtain preliminary injunctive relief in this case.

### A. **Plaintiff Has Not Shown That He Will Suffer Irreparable Harm**

#### 1. **Inmate-to-Inmate Correspondence**

Plaintiff argues that many inmates suffer the same injury alleged in his Amended Complaint, but because he is in solitary confinement, he cannot interact with other inmates to obtain their declarations or statements. (Dkt. # 50 at 1-2). Plaintiff alleges further that even if he were housed in the general population, he is unable to communicate with the Washington State Corrections Center for Women. (Id. at 2). Plaintiff contends that the declaration he proposes is in no way unreasonable and is necessary to support his claims and provide potential witnesses who have knowledge of the issues in his case. (Id.).

Conversely, Defendant advises that an inmate may be granted permission to contact other inmates. DOC Policy 450.100, Mail for Offenders allows for inmates to correspond with other inmates in particular circumstances. (Dkt. # 65, Exh. 1, Attach. A, DOC Policy Directive 450.100, Mail for Offenders at 2). Specifically, the Superintendents at the facilities can provide approval if an

ORDER - 5

inmate submits a request in writing. (Id.). A specific request is required before the inmates are allowed to correspond. (Id.). To date, the Plaintiff has not made any request to correspond with any other individuals in DOC custody. (Id.). Plaintiff has not identified which individuals he wishes to correspond with or the nature of the information he seeks.

Certainly, prison officials may prohibit correspondence between inmates based on security concerns. *See Turner v. Safley*, 482 U.S. 78, 93 (1987). The evidence reflects that there is a policy in place for Plaintiff to determine whether Plaintiff may correspond with other inmates and that Plaintiff has not yet availed himself of that policy. Thus, Plaintiff cannot show irreparable harm on this basis.

**2.      Plaintiff Has Made No Showing Entitling Him to Shifting of Discovery Costs**

Defendant also argues that he should not be required to provide the means nor bear the expense for Plaintiff's discovery. Plaintiff does not cite to any authority that shifts the burden of the costs of discovery to the opposing party, nor is Defendant aware of any such authority (with the exception of CR 30(b)(2) stating that the party taking a deposition shall bear the cost of recording).

The court is also not aware of any cost-shifting authority that requires an opposing party to engage in discovery efforts for another. Despite Plaintiff's *in forma pauperis* status, he is still obligated to bear the costs of litigating his lawsuit, including his discovery efforts. Plaintiff recognizes as much in his proposed affidavit. (*See* Dkt. # 56, Exh. 1). Plaintiff must first seek leave to communicate with fellow inmates through DOC channels and must then utilize those discovery tools available to him under the Federal Rules of Civil Procedure.

The court notes that in the affidavit Plaintiff proposes to attach to the declaration forms he has requested to be distributed to other inmates, that he acknowledges he is responsible for the costs incurred in litigating his case. (Dkt. # 55). Accordingly, Plaintiff cannot show irreparable harm in the cost he must incur in litigating his case.

ORDER - 6

### 3. Traditional Discovery Methods

Plaintiff provides no explanation as to why traditional methods of discovery, which are readily available to him, are inadequate to obtain the information he seeks through the proposed declarations.

For the foregoing reasons, the court finds that Plaintiff has failed to show that he will suffer irreparable harm if the DOC is not directed to send out the proposed declarations and affidavits.

## B. Plaintiff Has Not Shown That He Is Likely To Succeed On the Merits Of His Case

To state a claim under 42 U.S.C. § 1983, at least two elements must be met: (1) the defendant must be a person acting under color of state law, (2) and his conduct must have deprived the plaintiff of rights, privileges or immunities secured by the constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). Implicit in the second element is a third element of causation. *See Mt. Healthy City School Dist. v. Doyle*, 429 U.S. 274, 286-87, (1977); *Flores v. Pierce*, 617 F.2d 1386, 1390-91 (9th Cir. 1980), *cert. denied*, 449 U.S. 975 (1980).

Plaintiff makes no showing that he is likely to succeed on the merits of his case; *i.e.*, that he has a constitutional right to security tapes or have the DOC maintain specific security tapes. Neither has Plaintiff shown that he has a right to unfettered access to the mail, to have declarations distributed to every DOC inmate and to have those costs born by DOC.

## C. Plaintiff Has Not Shown That the Balance Of Potential Harm Favors The Moving Party

Defendants submit that Plaintiff has made no showing whatsoever regarding this balancing factor. Conversely, Defendants argue that the DOC is unable to provide unlimited stamps for individuals because of the high cost and that Plaintiff should be made to show that his interest in

ORDER - 7

receiving the unlimited number of stamps outweighs the interest in not overly taxing the DOC's budget.

The undersigned concludes that this factor also weighs in favor of denial of Plaintiff's request for injunctive relief.

## II. CONCLUSION

For the foregoing reasons, the undersigned recommends that Plaintiff's Motions for Distribution of Declaration Forms and to Attach Affidavit to Declaration Forms (Dkt. # 50 and 56) be **DENIED**. A proposed order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **April 13, 2007**, as noted in the caption.

DATED this 14th day of March, 2007.

Karen L. Strombom
United States Magistrate Judge

ORDER - 8