1

2

3

4

5

6

7

8

9
<br>
UNITED STATES DISTRICT COURT
<br>
WESTERN DISTRICT OF WASHINGTON
<br>
AT TACOMA

10

PATRICK DRUM,

11
　　　　　　　　Plaintiff,

12
　　　v.

13
HAROLD CLARKE,

14
　　　　　　　　Defendant.

15

Case No. C06-5360 RBL/KLS

REPORT AND RECOMMENDATION

**NOTED FOR: April 13, 2007**

16
　　　This civil rights action has been referred to United States Magistrate Judge Karen L.

17
Strombom pursuant to Title  28 U.S.C. § 636(b)(1)(B) and Local MJR 3 and 4.   Presently before

18
the court is Plaintiff's Motion That Subpoenas and Depositions Be Permitted to be Sent by Legal

19
Mail (Dkt. # 55).  For the reasons set forth below, the court recommends that the motion be denied.

20

21
**I. DISCUSSION**

22
　　　Plaintiff has filed a civil rights lawsuit under 42 U.S.C. § 1983 naming Harold Clarke,

23
Secretary of the Department of Corrections (DOC) as sole Defendant.  (Dkt. # 11).  Plaintiff alleges

24
that his constitutional rights were violated by Defendant Clarke because he manages policies and

25

26
REPORT AND RECOMMENDATION - 1

1    dictates rules for DOC.  (Id. at 2).  Plaintiff alleges that a corrections officer used excessive force and

2    injured him during an infraction hearing.  Plaintiff alleges that the incident was captured on video

3    tape but because the tape was disposed of pursuant to DOC policy, he was not able to present

4    evidence of his innocence contrary to written reports stating otherwise.  (Id. at 3).  Plaintiff seeks an

5    order directing DOC to create a policy to retain security camera videos.  (Id.).

6         Plaintiff requests that the court direct the Washington State Department of Corrections

7    ("DOC") provide him with an exception to its legal calls/legal mail policies.  Plaintiff asks for a

8    written order to allow him to send subpoenas and depositions to other Washington state institutions

9    as logged legal mail.  (Dkt. # 55).  Plaintiffs states that, although normally only attorneys and courts

10   qualify for legal mail status, if he were an attorney sending "these legal pleadings, it would be legal

11   mail." (*Id.*).

12        Defendants respond that Plaintiff is not an attorney and that he offers no explanation of why

13   he needs the documents to be sent as legal mail.  (Dkt. # 63).  Additionally, Defendants oppose the

14   motion as Plaintiff has not met the necessary burden required for granting the injunctive relief

15   requested by Plaintiff.  (*Id.*).

16

17   **A.    Standard for Prospective Relief**

18        Under the Prison Litigation Reform Act, 18 U.S.C. § 3626 (PLRA), Plaintiff is not entitled to

19   prospective relief unless the court enters the necessary findings required by the Act:

20        The court shall not grant or approve any prospective relief unless the court finds that
          such relief is narrowly drawn, extends no further than necessary to correct the
21        violation of a Federal right, and is the least intrusive means necessary to correct the
          violation of the Federal right. The court shall give substantial weight to any adverse
22        impact on public safety or the operation of a criminal justice system caused by the
          relief.

23

24   18 U.S.C. § 3626(a)(1)(A).

25

26   REPORT AND RECOMMENDATION - 2

1    In civil rights cases, injunctions must be granted sparingly and only in clear and plain cases.

2    *Rizzo v. Goode*, 423 U.S. 362, 378 (1976).   This holding applies even more strongly in cases

3    involving the administration of state prisons. *Turner v. Safley,* 482 U.S. 78, 85, 107 S. Ct. 2254

4    (1987).  "Prison administration is, moreover, a task that has been committed to the responsibility of

5    those [executive and legislative] branches and separation of powers concerns counsels a policy of

6    judicial restraint.  Where a state penal system is involved, federal courts have . . . additional reason to

7    accord deference to the appropriate prison authorities."  *Id*.

8    In order to justify the extraordinary measure of injunctive relief under Federal Rule of Civil

9    Procedure 65, the moving party bears a heavy burden. *Canal Authority of the State of Florida v.*

10   *Callaway*, 489 F.2d 567 (5th Cir. 1974). A party seeking a preliminary injunction must fulfill one of

11   two standards: the "traditional" or the "alternative." *Johnson v. California State Bd. Of*

12   *Accountancy*, 72 F.3d 1427, 1430 (9th Cir. 1995); *Cassim v. Bowen*, 824 F.2d 791, 795 (9th Cir.

13   1987). Although two tests are recognized, they are not totally distinct tests. Rather, they are

14   "extremes of a single continuum." *Funds for Animals, Inc. v. Lujan*, 962 F.2d 1391, 1400 (9th Cir.

15   1992).

16   Under the traditional standard, a court may issue preliminary relief if it finds that: (1) the

17   moving party will suffer irreparable injury if the relief is denied; (2) the moving party will probably

18   prevail on the merits; (3) the balance of potential harm favors the moving party; and (4) the public

19   interest favors granting relief. *Cassim*, 824 F.2d at 795. Under the alternative standard, the moving

20   party may meet its burden by demonstrating either (1) a combination of probable success and the

21   possibility of irreparable injury or (2) that serious questions are raised and the balance of hardships

22   tips sharply in its favor. *Id.* at 795. Under either test, Plaintiff fails to carry his burden to obtain

23   preliminary injunctive relief in this case.

24

25

26   REPORT AND RECOMMENDATION - 3

1   **B.**       **<u>Plaintiff Has Not Shown That He Will Suffer Irreparable Harm</u>**

2         Plaintiff does not explain what will occur if he is denied the injunctive relief he seeks.  He

3   merely claims that if he were a lawyer, the subpoenas and depositions he seeks to mail would be

4   treated as "legal mail."

5         Prison inmates have a First Amendment right to send and receive mail. *Pell v. Procunier*,

6   417 U.S. 817, 822 (1974).  A prison may limit an inmate's constitutional rights if the restrictions are

7   reasonably related to legitimate penological interests. *Turner*, 482 U.S. at 89.  The extent of a

8   prisoner's rights with regard to the inspection of legal mail is uncertain.  *Wolff v. McDonald*, 418

9   U.S. 539, 577 (1974).  A prison policy of opening legal mail for inspection only in the presence of

10   the inmate meets, and may even exceed, the demands of the Constitution.  *Id*.  However, mail from

11   the courts, as contrasted to mail from a prisoner's lawyer, is not legal mail.  *Keenan v. Hall*, 83 F.3d

12   1083 (1996), *amended by* 135 F.3d 1318 (9th Cir. 1998).

13         Plaintiff is not a lawyer. There is, therefore, no basis for application of the attorney/client

14   privilege or a reasonable expectation of privacy in the communications at issue.  Although Plaintiff is

15   acting *pro se* in this action, this does not give rise to the application the legal mail policy to the

16   documents he seeks.  More importantly, Plaintiff has articulated no irreparable injury that will occur

17   if this mail is not processed as legal mail.

18

19   **C.**       **Plaintiff Has Not Shown That He Is Likely To Succeed On the Merits Of His Case**

20         To state a claim under 42 U.S.C. § 1983, at least two elements must be met: (1) the

21    defendant must be a person acting under color of state law, (2) and his conduct must have deprived

22   the plaintiff of rights, privileges or immunities secured by the constitution or laws of the United

23   States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). Implicit in the second element is a third

24   element of causation. *See Mt. Healthy City School Dist. v. Doyle*, 429 U.S. 274, 286-87, (1977);

25   *Flores v. Pierce*, 617 F.2d 1386, 1390-91 (9th Cir. 1980), *cert. denied*, 449 U.S. 975 (1980).

26   REPORT AND RECOMMENDATION - 4

1    Plaintiff has not addressed the issues in his Complaint, *i.e.,* that he has a constitutional right

2    to security tapes or have the DOC maintain specific security tapes.  As Plaintiff has not shown that

3    he is likely to succeed on the merits of his claims, this factor also weighs in favor of denial of the

4    injunctive relief he seeks.

5

6    **D.      Plaintiff Has Not Shown That the Balance Of Potential Harm Favors The Moving
         Party**

7

8        Defendants argue that Plaintiff has not alleged any significant harm and thus the balance of

     any potential harm is outweighed by the interest in unnecessarily requiring DOC employees to

9

10   process mail that is not legal mail as legal mail.  (Dkt. # 63).  Arguably, the potential harm alleged by

     Plaintiff is the ongoing monitoring of his mail.

11

12       However, prison staff has a legitimate penological interest in inspecting an inmate's mail.

13   *Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir. 1995) (per curiam).  In addition, there is no evidence

     before the court that the mailroom staff will inspect and restrict Plaintiff's communications other than

14

15   as according to the clearly enumerated policy requirements of DOC policy directives and not in an

     arbitrary and capricious manner.  As Plaintiff has not shown that the balance of potential harm is in

16

17   his favor, this factor also weighs in favor of denial of the injunctive relief he seeks.

18

                                      **II.  CONCLUSION**

19

20       For the foregoing reasons, the undersigned recommends that Plaintiff's motion for preliminary

21   injunction (Dkt. # 55) be **DENIED**.  A proposed order accompanies this Report and

     Recommendation.

22

23       Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure,

24   the parties shall have ten (10) days from service of this Report to file written objections.  *See also*

     Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of

25

26   REPORT AND RECOMMENDATION - 5

1  appeal. *Thomas v. Arn*, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule

2  72(b), the clerk is directed to set the matter for consideration on **April 13, 2007**, as noted in the

3  caption.

4

5       DATED this __14th__ day of March, 2007.

6

7

8

       Karen L. Strombom
9      United States Magistrate Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26  REPORT AND RECOMMENDATION - 6