UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PATRICK DRUM,

        Plaintiff,

    v.

HAROLD CLARKE,

        Defendant.

Case No. C06-5360 RBL/KLS

ORDER DENYING THIRD-PARTY MOTIONS TO JOIN ACTION BY JAMES DAVIS AND JESSIHA LANCASTER

    This civil rights action has been referred to United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1)(B) and Local MJR 3 and 4. Presently before the Court are the Non-Party Motions to Join Action by James Davis (Dkt. # 87) and Jessiha Lancaster (Dkt. # 88). Defendant opposes the motions. (Dkt. # 91). For the reasons set forth below, the undersigned recommends that the motions be denied.

## I. DISCUSSION

    Plaintiff has filed a civil rights lawsuit under 42 U.S.C. § 1983 naming Harold Clarke, Secretary of the Department of Corrections (DOC) as sole Defendant. (Dkt. # 11). Plaintiff alleges

ORDER - 1

1   that his constitutional rights were violated by Defendant Clarke because he manages policies and
2   dictates rules for DOC. (Id. at 2). Plaintiff alleges that a corrections officer used excessive force and
3   injured him during an infraction hearing. Plaintiff alleges that the incident was captured on video
4   tape but because the tape was disposed of pursuant to DOC policy, he was not able to present
5   evidence of his innocence contrary to written reports stating otherwise. (Id. at 3). Plaintiff seeks an
6   order directing DOC to create a policy to retain security camera videos. (Id.).

7   Plaintiff has submitted motions to join on behalf of two non-party inmates, James Davis and
8   Jessiha Lancaster. (Dkt. # 87, 88). Plaintiff prepared and signed the motions on behalf of these
9   inmates. (Dkt. # 94).

10   Defendant objects to the motions on the grounds that they are not properly signed pursuant
11   to Federal Rule of Civil Procedure 11. Defendant also objects to the motions on the grounds that
12   Plaintiff is not authorized to sign documents on behalf of other inmates and the motions should be
13   stricken from the record. Finally, Defendant argues that neither of the individuals have shown that
14   they need to be added to the lawsuit under Rules 19, 20 and 21 as either complete relief can be
15   provided in their absence and disposition in this action would not impede their rights nor subject
16   them to inconsistent obligations. (Dkt. # 91).

17   Although Plaintiff may appear pro se on behalf of himself, he has no authority to appear as
18   an attorney for others than himself. *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th
19   Cir. 1987). Despite Mr. Lancaster's affidavit of endorsement (Dkt. # 95), Plaintiff has no authority
20   to sign pleadings on his behalf. By doing so, Plaintiff is in violation of Rule 11 of the Federal Rules of
21   Civil Procedure. For these reasons alone, the motions may be denied.

22   In addition, there has been no demonstration that the interests of the parties seeking joinder
23   would be impaired in their absence or that other parties would be subjected to multiple or
24   inconsistent liabilities. *See*, Fed. R. Civ. P. 19(a)(2); *Aguilar v. Los Angeles County*, 751 F.2d 1089,
25   1092 (9th Cir. 1985). Aside from common request for a change to DOC's policy for retention of
26   ORDER - 2

1  security videos, there has been no showing by the parties seeking joinder that their claims against the
2  Defendant arose out of the same series of occurrences or that Plaintiff's action raises questions of
3  law and fact common to all the parties.  *See*, Fed. R. Civ. P. 20; *Desert Empire Bank v. Ins. Co. Of*
4  *North America*, 623 F.2d 1371, 1375 (9th Cir. 1980).

5       Moreover, the court may consider the principles of fundamental fairness in determining
6  whether the permissive joinder of additional parties should be allowed and the motives of the moving
7  parties in seeking amendment of the pleadings to allow joinder. (*Id.*).  In this regard, the Court notes
8  that Plaintiff has filed separate motions for class action certification, (Dkt. # 77, 86), and these
9  motions are part of Plaintiff's attempt to gain class certification of his case.  However, the
10 undersigned is recommending by separate Report and Recommendation that the motion for class
11 certification be denied.  The Court also notes that Plaintiff has already been given ample opportunity
12 to amend his pleading.  (Dkt. # 31).  At that time, Plaintiff was instructed to include all parties,
13 factual allegations, causes of action, relief sought, and exhibits. (*Id.*).

14      Accordingly, Non-Party Motions to Join Action by James Davis (Dkt. # 87) and Jessiha
15 Lancaster (Dkt. # 88) are **DENIED**.  The Clerk of the Court is directed to send copies of this Order
16 to Plaintiff and to counsel for Defendant.

18      DATED this 2nd day of April, 2007.

                                                            Karen L. Strombom
                                                            United States Magistrate Judge

26 ORDER - 3