UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PATRICK DRUM,

    Plaintiff,

    v.

HAROLD CLARKE,

    Defendant.

Case No. C06-5360 RBL/KLS

REPORT AND RECOMMENDATION

**NOTED FOR: April 27, 2007**

This civil rights action has been referred to United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1)(B) and Local MJR 3 and 4. Presently before the Court are Plaintiff's Motion for Class Action Certification (Dkt. # 77) and Amended Motion for Class Certification (Dkt. # 86). Defendant opposes the motions. (Dkt. # 90). For the reasons set forth below, the undersigned recommends that the motions be denied.

## I. DISCUSSION

Plaintiff has filed a civil rights lawsuit under 42 U.S.C. § 1983 naming Harold Clarke, Secretary of the Department of Corrections (DOC) as sole Defendant. (Dkt. # 11). Plaintiff alleges

REPORT AND RECOMMENDATION - 1

that his constitutional rights were violated by Defendant Clarke because he manages policies and dictates rules for DOC. (Id. at 2). Plaintiff alleges that a corrections officer used excessive force and injured him during an infraction hearing. Plaintiff further alleges that the incident was captured on video tape but because the tape was disposed of pursuant to DOC policy, he was not able to present evidence of his innocence contrary to written reports stating otherwise. (Id. at 3). Plaintiff seeks an order directing DOC to create a policy to retain security camera videos. (Id.).

In the present motion, Plaintiff seeks class action certification and a stay of Defendant's motion to dismiss while Plaintiff seeks correspondence with other inmates for the purpose of joining additional parties. (Dkt. # 86 at 1). Plaintiff maintains that the question of law identical to all inmates wishing to join his case is whether inmates should have the right to retain security video tapes as evidence. (*Id*. at 2). Defendant argues that Plaintiff is not entitled to class certification because he does not have standing to seek the relief he seeks and because he has failed to meet the stringent prerequisites for class certification. (Dkt. # 90).

## A.     **Plaintiff Does Not Have Standing**

As an initial matter, Defendant argues that Plaintiff does not have standing to seek the relief he seeks as he has not alleged an actual case or controversy. Generally, a plaintiff may not represent a class on a claim unless the plaintiff has standing to litigate such claim. *O'Shea v. Littleton*, 414 U.S. 488, 495, 94 S. Ct. 669, 675 (1974); *Smith v. University of Washington Law School,* 233 F.3d 1188 (9th Cir. 2000); *Wooden v. Board of Regents of Univ. Sys. Of Georgia*, 247 F.3d 1262, 1287-88 (11th Cir. 2001). A plaintiff must allege some threatened or actual injury before a federal court may assume jurisdiction.

Past exposure to alleged harm is largely irrelevant when analyzing claims of standing for injunctive relief that are predicated upon threats of future harm. *Nelsen v. King County*, 895 F.2d 1248 (9th Cir. 1990). The burden of showing a likelihood of reoccurrence is firmly placed upon the

REPORT AND RECOMMENDATION - 2

plaintiff, who may not speculate or rely on conjecture. *Nelsen*, at 1251-53. The basic prerequisite for standing when a person seeks equitable relief is the real and immediate danger of irreparable injury and a lack of adequate remedy at law. *Los Angeles v. Lyons,* 461 Ul.S. 95, 103 (1981).

Defendant argues that there is no case or controversy pending because there is no real and immediate danger of irreparable injury and lack of adequate remedy at law in this case. Plaintiff does not allege that he has any pending infractions where he requested the tape and the tape was not provided. Thus, Defendant argues, Plaintiff's speculation is tenuous at best as the issue would only arise if Plaintiff was again infracted, and the security tape happened to catch the offense on camera. Such an occurrence, Defendant maintains, is entirely within Plaintiff's control and not the Defendant's.

The undersigned agrees that Plaintiff lacks the requisite standing for the injunctive relief requested. There is no real and immediate danger of irreparable injury. In addition to the absence of a pending infraction, Defendant points to other legal remedies available to Plaintiff. These include seeking to have any future infraction overturned either through an internal appeal within the prison or through the Washington state courts of appeals in a personal restraint petition if Plaintiff is of the opinion that the infraction hearing he received was inadequate.

Because there is no real and immediate danger of irreparable injury and Plaintiff has an adequate remedy at law, the undersigned recommends that Plaintiff's motion for class certification be denied on the grounds that he lacks standing. In addition, Plaintiff's motion may be denied on the basis that he does not meet the prerequisites outlined under subparagraph (a) of Rule 23.

**B.      Plaintiff Does Not Meet the Prerequisites for Class Certification Under Rule 23(a)**

Under Fed. R. Civ. P. 23(a), a member of the class may sue on behalf of the class only if: (1)

REPORT AND RECOMMENDATION - 3

the class is so numerous that joinder is impracticable, (2) there are questions of law or fact common to the class, (3) the claims of the representative party are typical of the claims of the class, and (4) the representative party will fairly and adequately protect the interests of the class.

Plaintiff attempts to bring this case on behalf of himself and other inmates claiming that the question of law – "should inmates have a right to retain security video tapes as evidence?" – is identical to all prospective class members. (Dkt. # 77). Plaintiff points to at least eight inmates, six of whom submitted answers to a questionnaire prepared and submitted by Plaintiff with his motion for counsel (Dkt. # 1, Exh. 3, Attachments), and two of whom filed motions to join as non-parties to this action (Dkt. # 87 and 88).[1]  The questionnaire, prepared by Plaintiff, asked prospective class members several questions, including:

> Have you ever had an infraction report issued to you in which the report completely fabricated the facts of the incident?
>
> Have you ever requested a security video tape be reviewed at an infraction hearing to show factual evidence of a false report and to prove your innocence?

(Dkt. # 1, Exh. 3, Attachments)

Plaintiff also seeks the assistance of Defendant in communicating with other inmates in institutions statewide to determine whether additional members of the potential class exist. (*See* Dkt. # 50). Plaintiff seeks information from other inmates to include the circumstances surrounding infraction violations and hearings, whether requests for security video tapes were made and granted, and sanctions received as a result of the infraction hearings. (Dkt. # 50).

---

[1] The latter motions were denied by separate Order on the grounds that joinder was not necessary for complete relief and non-joinder would not impede the rights of the non-party movants or subject them to inconsistent obligations. In addition, the motions were signed by Plaintiff, on behalf of the non-party movants, in violation of Fed. R. Civ. P. 11. Plaintiff has no authority to appear or act as an attorney for others.

REPORT AND RECOMMENDATION - 4

Plaintiff is entitled to class certification only if the class proposed is so numerous that joinder is impractical, there are questions of law or fact common to all class members, Plaintiff's claims are typical of those of the class, and Plaintiff can adequately protect the interests of the class. Fed. R. Civ.P. 23(a). After careful review of the parties' papers, the undersigned concludes that Plaintiff has not met the requirements for class certification.

Firstly, Plaintiff has not established that the number of the proposed class are so numerous or that it is impractical to join them in an appropriately pleaded case. Secondly, Plaintiff has not shown that there are questions of law or fact common to all class members. In fact, it appears that claims as to each prospective member would be on a case-by-case basis specific to the factual circumstances surrounding their infractions and use of security tapes.

For example, while each of the prospective class members answered "Yes" to the first question posed on the questionnaire prepared by Plaintiff, the answers do not provide any explanation of the infractions. Four of the prospective class members indicated they did not request a security tape prior to their infraction hearings and of the two that did, no explanation is given as to the circumstances of the request and alleged grant or refusal. Most importantly, however, the questionnaires, as prepared by Plaintiff, presuppose that the facts underlying the infractions were fabricated and that the corrections officers involved issued false reports. Accordingly, it is essential that each of these claims be examined on a case-by-case basis to determine the validity of their underlying claims and to determine whether each member has availed himself of available remedies. *See, e.g., Booth v. Churner*, 532 U.S. 731, 739 (2001) (42 U.S.C. § 1997e(a)) requires that no action shall be brought with respect to prison conditions under Section 1983 by a prisoner until such administrative remedies as are available are exhausted).

REPORT AND RECOMMENDATION - 5

Thirdly, as a pro se plaintiff, Plaintiff cannot "fairly and adequately protect the interests of the class," as required by Fed.R. Civ.P. 23(a)(4). *See Oxedine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975)(plain error to permit imprisoned litigant, unassisted by counsel, to represent fellow inmates in a class action). Although a non-attorney may appear pro se on behalf of himself, he has no authority to appear as an attorney for others. *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987). Also, "[e]very court that has considered the issue has held that a prisoner proceeding pro se is inadequate to represent the interests of his fellow inmates in a class action." *Caputo v. Fauver*, 800 F.Supp. 168, 170 (D.N.J. 1992) *aff'd without op.*, 995 F.2d 216 (3rd Cir. 1993). *See also, Lerwill v. Inflight Motion Pictures, Inc.*, 582 F.2d 507, 512 (9th Cir. 1978); *Smith v. University of Washington*, 2 F.Supp.2d 1324, 1343 (W.D. Wash. 1998) (the representative parties must appear able to prosecute the action vigorously through qualified counsel). Plaintiff is not qualified to pursue the claims as a class action on behalf of other inmates nor is he able to adequately protect their interests. Therefore, to the extent Plaintiff intends to represent other parties in a class action suit under Fed.R.Civ.P. 23, he may not do so.[2]

**C.  Plaintiff Does Not Meet The Requirements of Class Certification Under Rule 23(b)**

In addition to the prerequisites of Rule 23(a), class certification will be granted only if the following requirements are also met:

(1)  the prosecution of separate actions by or against individual members of the class would create a risk of

---

[2] The Court is aware that Plaintiff requests appointment of counsel under Rule 23(g). However, the appointment of class counsel occurs only after the certification of a class; subparagraph 23(a)(4) still requires scrutiny of a class representative's ability to fairly and adequately represent the interests of the class. *See, Fed.R.Civ.P. 23(b), Advisory Committee Notes, 2003 Amendment, Subdivision (g).*

REPORT AND RECOMMENDATION - 6

A) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or

B) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; or

(2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or

(3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

Fed. R. Civ. P. 23(b).

Plaintiff has failed to demonstrate that his case should be certified as a class under Rule 23(b). There is no question that subparagraphs (1)(A)(B) and (2) are not met or do not apply. There is no evidence that denial of the class will result in inconsistent adjudications, resulting in incompatible standards of conduct for Defendant. There is no evidence that the interests of the non-party class members will be impaired or impeded if this action continues an individual action. And, as the undersigned has concluded that there is no real and immediate danger of irreparable injury and accordingly no injunctive relief, there is also no real likelihood of incompatible standards of conduct or a likelihood that the interests of non-party class members will be impaired or impeded if this action proceeds as an individual action.

Under subparagraph (3), the class must demonstrate that common questions predominate over questions affecting only individual members and class resolution must be superior to other available methods for the fair and efficient adjudication of the controversy. *Hanlon v. Chrysler Corporation*, 150 F.3d 1011, 1022 (9th Cir. 1998). The mere presence of commonality is insufficient

REPORT AND RECOMMENDATION - 7

to establish the predominance of common questions. *Id.* Nevertheless, when common questions present a significant aspect of the case and they can be resolved for all class members in a single adjudication, the court is justified in handling the dispute on a representative rather than on an individual basis. *Id*.

Plaintiff's proposed class consists of approximately eight inmates who may have been denied access to security tapes. As discussed above, Plaintiff does not explain whether the prospective class members asked to see any security tapes, whether they exhausted their administrative remedies, whether they have sought to have their infractions overturned via a personal restraint petition. Although Plaintiff maintains that the overriding question of whether inmates should have a right to retain security video tapes as evidence is the common question that predominates, it appears that the circumstances surrounding the claims of each prospective class member must first be resolved before it may be determined whether that prospective member nay be entitled to proceed. Additionally, Plaintiff has failed to demonstrate that proceeding by way of a class action is superior to other methods of administrative remedies and personal restraint actions available to each prospective member.

## II. CONCLUSION

For the foregoing reasons, the undersigned recommends that Plaintiff's motions for class certification (Dkt. # 77 and 86) be **DENIED**. A proposed order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also*

REPORT AND RECOMMENDATION - 8

Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **April 27, 2007**, as noted in the caption.

      DATED this 2nd  day of April, 2007.

/s/ Karen L. Strombom
Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 9