UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PATRICK DRUM,<br><br>        Plaintiff,<br><br>   v.<br><br>HAROLD CLARKE,<br><br>        Defendant. | Case No. C06-5360 RBL/KLS<br><br>REPORT AND RECOMMENDATION<br><br>**NOTED FOR:**<br>**April 27, 2007** |

      This civil rights action has been referred to United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4.  Plaintiff, Patrick Drum, alleges his constitutional rights were violated by Defendant Harold Clarke, Secretary of the Department of Corrections (DOC).  Before the Court is Defendant Clarke's motion to dismiss (Dkt. # 62), pursuant to Federal Rules of Civil Procedure 12(b)(6).  Defendant Clarke argues that the Amended Complaint must be dismissed because Plaintiff lacks standing, has failed to state a claim upon which relief may be granted, and cannot meet the burden required for issuance of a permanent injunction.  (*Id*.).  Plaintiff opposes the motion and requests a stay of the proceedings while he

REPORT AND RECOMMENDATION - 1

pursues maintenance of a class action[1]. (Dkt. 85).

After careful review of the motion to dismiss, Plaintiff's opposition, and the balance of the record, the undersigned recommends that the motion to dismiss be granted.

## I. STANDARD OF REVIEW

The Court's review of a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6) is limited to the complaint. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). All material factual allegations contained in the complaint "are taken as admitted" and the complaint is to be liberally "construed in the light most favorable" to the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969); *Lee*, 250 F.3d at 688. A complaint should not be dismissed under Fed. R. Civ. P. 12(b)(6), furthermore, "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

Dismissal under Fed. R. Civ. P. 12(b)(6) may be based upon "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). Vague and mere "[c]onclusionary allegations, unsupported by facts" are not sufficient to state a claim under 42 U.S.C. § 1983. *Jones v. Community Development Agency*, 733 F.2d 646, 649 (9th Cir. 1984); *Peña v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992).

Although the Court must construe pleadings of pro se litigants liberally, the Court may not supply essential elements to the complaint that may not have been initially alleged. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). Similarly, in civil rights actions, a liberal interpretation of the complaint may not supply essential elements of the claim that were not initially pled. *Peña*, 976 F.2d at 471.

Before the Court "may dismiss a *pro se* complaint for failure to state a claim, it "must provide

---

[1] By separate Report and Recommendation, the undersigned has recommended that Plaintiff's motions for class action certification (Dkt. # 77, 86) be denied.

REPORT AND RECOMMENDATION - 2

the *pro se* litigant with notice of the deficiencies of his or her complaint and an opportunity to amend the complaint prior to dismissal." *McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992); *see also Noll v. Carlson*, 809 F.2d 1446, 1449 (9th Cir. 1987). However, where amendment would be futile or the amended complaint subject to dismissal, leave to amend need not be given. *See Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

## II. DISCUSSION

### A. The Amended Complaint and Relief Sought

Plaintiff alleges that on August 24, 2005, he was involved in an incident where he received a serious infraction for fighting and refusing safety orders. (Dkt. # 38 at 2). Plaintiff alleges that he received a two centimeter cut on his chin when correction officers Waldo, Moore, Jones and Bruner placed him at a table. (*Id*.). Plaintiff alleges that the area in which this incident occurred was monitored by security video cameras and was video taped. (*Id*. at 3). However, there is no DOC policy to retain the video tapes. (*Id*.; Exh. E). The unit reuses the video tapes that monitor the unit on a daily basis. (*Id*, Exh. C). Plaintiff claims that he is entitled to evidence in his favor for DOC hearings, but because he is denied access to video security tapes, he is denied the ability to argue his innocence. (*Id*.).

Plaintiff received notice of a disciplinary hearing scheduled for August 29, 2005. (*Id*., Exh. D-3). He was given an opportunity to review all related reports and summary of any confidential information, he was advised of his rights, including the right to request witness statements, a staff advisor and right to appeal. (*Id*.) Plaintiff chose not to attend his disciplinary hearing. (*Id*., Exh. D-4). At the disciplinary hearing, Plaintiff was found guilty of the infractions on the grounds that the "written report is specific that the inmate fought with another inmate and was the aggressor. In addition he resisted movement and placed staff at risk." (*Id*.). Plaintiff did not deny or return the witness statement. (*Id*.). Plaintiff received a copy of the disciplinary hearing minutes and findings. (*Id*.).

REPORT AND RECOMMENDATION - 3

Plaintiff claims that denial of access to the video tapes violates his Fifth Amendment due process rights. Plaintiff also claims that because DOC maintains the tapes and may use the tapes on its behalf, but inmates may not, such a policy violates the Equal Protection Clause of the Fourteenth Amendment. Finally, Plaintiff claims Defendant's failure to implement a security video retention policy on behalf of the inmates violates his First Amendment rights.

Plaintiff seeks the implementation of a DOC policy requiring the following:

a) standard forms provided to DOC inmates for the purpose of requesting security video tapes for:

  (i) evidence of alleged innocence at major infraction hearings; and

  (ii) evidence of an alleged civil rights complaint;

b) posted security video cameras be identified by letters or numbers

c) upon formal request by an inmate the security video tape be retained for (i) 180 days if no petition, complaint or infraction is filed; or (ii) until final disposition of a petition or complaint; or (iii) until the inmate informs the DOC the tape is no longer needed;

d) in cases involving injury by a correctional officer to an inmate, tapes should be automatically retained;

e) in cases involving unconsciousness or death, tapes should be automatically retained;

f) tapes not requested shall be saved for a minimum of ten days rather than daily re-recordings.

(*Id*. at 6).

Plaintiff was previously granted leave to amend his Complaint. (*See* Plaintiff's motions at Dkt. # 24, 27). At that time, Plaintiff was granted leave to amend and directed to add all parties, factual allegations, causes of action, relief sought, and exhibits. (Dkt. # 31). Plaintiff also moved to certify his case as a class action. (Dkt. # 77, 86). By separate Report and Recommendation, the undersigned is recommending that the motion be denied. In addition, Plaintiff filed non-party joinder motions on behalf of two fellow inmates. (Dkt. # 87, 88). By separate order, those motions were denied.

REPORT AND RECOMMENDATION - 4

**B.      Plaintiff Lacks Standing As He Has Not Alleged An Actual Case or Controversy**

As an initial matter, Defendant argues that Plaintiff does not have standing to seek the relief he seeks as he has not alleged an actual case or controversy.

Persons seeking to invoke the power of the federal courts must allege an actual case or controversy. A plaintiff must allege a threatened or actual injury before a federal court may assume jurisdiction. U.S.C.A. Constitution, Article III § 1:

> Past exposure to [alleged] illegal conduct does not in itself show a present case or controversy regarding injunctive relief, however, if unaccompanied by any continuing present adverse effects.

*O'Shea v. Littleton*, 414 U.S. 488, 495-96, 94 S. Ct. 669, 676, 38 L. Ed. 2d 674 (1974).

When analyzing claims of standing for injunctive relief predicated upon threats of future harm, past exposure to the alleged harm is largely irrelevant. *Nelsen v. King County*, 895 F.2d 1248 (9th Cir. 1990). The burden of showing a likelihood of reoccurrence is firmly placed upon the plaintiff, who may not speculate or rely on conjecture in demonstrating harm. *Nelsen*, at 1251-53 (citing *Los Angeles v. Lyons,* 461 U.S. 95, 103 S. Ct. 1660 (1981); *O'Shea, supra*). The basic prerequisite for standing when a person seeks equitable relief is the real and immediate danger of irreparable injury and a lack of adequate remedy at law. *Los Angeles v. Lyons*, 461 U.S. at 103.

Abstract injury is insufficient. *O'Shea*, 414 U.S. at 675. To meet the case or controversy requirement for equitable relief "the injury or threat of injury must be both 'real and immediate,' not 'conjectural' or 'hypothetical.'" *Id*. at 675 (citing *Golden v. Zwickler*, 394 U.S. 103, 109-10, 89 S. Ct. 956, 960, 22 L. Ed. 2d 113 (1969); *Maryland Casualty Company v. Pacific Coal and Oil Company*, 312 U.S. 270, 273, 61 S. Ct. 510, 512, 85 L. Ed. 2d 826 (1941); *United Public Works v. Mitchell*, 330 U.S. 75, 89-91, 67 S. Ct. 556, 564-65, 91 L. Ed. 754 (1947).

Defendant argues that there is no case or controversy pending because there is no real and immediate danger of irreparable injury and lack of adequate remedy at law in this case. Plaintiff does not allege that he has any pending infractions where he requested the tape and the tape was not

REPORT AND RECOMMENDATION - 5

provided. Thus, Defendant argues, Plaintiff's speculation is tenuous at best as the issue would only arise if Plaintiff was again infracted, and the security tape happened to catch the offense on camera. Such an occurrence, Defendant maintains, is entirely within Plaintiff's control and not the Defendant's. In addition, there are other legal remedies available to Plaintiff. If Plaintiff incurs an infraction in the future, he can seek to have it overturned through an internal appeal within the prison's grievance system or through the Washington state courts of appeal through a personal restraint petition.

Plaintiff points to the permanent scar on his chin and loss of good time credits as his actual injury and the questionnaires of fellow inmates as evidence of a continuous and ongoing injury.[2]

As to Plaintiff's past infraction, Plaintiff received notice of a disciplinary hearing scheduled for August 29, 2005. (*Id*., Exh. D-3). He was given an opportunity to review related reports and summary of any confidential information, he was advised of his rights, including the right to request witness statements, the right to a staff advisor and right to appeal. (*Id*.) Plaintiff chose not to attend his disciplinary hearing. (*Id*., Exh. D-4). At the disciplinary hearing, Plaintiff was found guilty of the infractions on the grounds that the "written report is specific that the inmate fought with another inmate and was the aggressor. In addition he resisted movement and placed staff at risk." (*Id*.). Plaintiff did not deny or return the witness statement. (*Id*.). Plaintiff received a copy of the disciplinary hearing minutes and findings. (*Id*.).

---

[2]The questionnaires were prepared by Plaintiff and asked fellow inmates several questions, including whether they ever had infraction reports issued against them, if they requested security video tapes, and if they wished to join this action. (Dkt. # 1, Exh. 3, Attachments). As noted above, the undersigned has recommended that Plaintiff's motion for class action certification be denied and has denied Plaintiff's joinder motions.

REPORT AND RECOMMENDATION - 6

Plaintiff had an opportunity to attend his disciplinary hearing, present witness statements, and appeal the decision and sanctions.  In addition, Plaintiff could seek injunctive relief against the denial or revocation of his good-time credits by proceeding in habeas corpus.  *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973); *Heck v. Humphrey*, 512 U.S. 477 (1994).  He chose not to do so.

With regard to any *future* infraction, the facts are not before the Court and this Court lacks jurisdiction to proceed.  Plaintiff has shown no real or immediate danger of irreparable injury or lack of an adequate remedy at law if he is infracted again.  Plaintiff is asking this Court to speculate that he will be infracted, that a correctional officer will fabricate the written report, that a security video camera will capture the incident, and that the video recording will be his only proof of innocence.  This it cannot do.

Because there is no real and immediate danger of irreparable injury and Plaintiff has an adequate remedy at law, the undersigned recommends that Defendant's motion based on lack of standing be granted.

**C.     Plaintiff Has Failed to State A Claim Upon Which Relief May Be Granted**

To state a claim under 42 U.S.C. § 1983, at least two elements must be met: (1) the defendant must be a person acting under color of state law, (2) and his conduct must have deprived the plaintiff of rights, privileges or immunities secured by the constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). Implicit in the second element is a third element of causation. *See Mt. Healthy City School Dist. v. Doyle*, 429 U.S. 274, 286-87, (1977); *Flores v. Pierce*, 617 F.2d 1386, 1390-91 (9th Cir. 1980), *cert. denied*, 449 U.S. 975 (1980). When a plaintiff fails to allege or establish one of the three elements, his complaint must be dismissed. The Civil Rights Act, 42 U.S.C. § 1983, is not merely a "font of tort law." *Parratt*, 451 U.S. at 532. That

REPORT AND RECOMMENDATION - 7

plaintiff may have suffered harm, even if due to another's negligent conduct, does not in itself, necessarily demonstrate an abridgment of constitutional protections. *Davidson v. Cannon,* 474 U.S. 344 (1986).

In order to state a civil rights claim, a plaintiff must set forth the specific factual basis upon which he claims each defendant is liable. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory responsibility or position. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 n.58 (1978); *Padway v. Palches*, 665 F.2d 965 (9th Cir. 1982). Rather, each defendant must have personally participated in the acts alleged. *Id.* Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss. *Peña*, 976 F.2d at 471.

Plaintiff claims that Defendant's failure to adopt a policy to secure and retain security videos on behalf of the inmates violates his procedural due process rights, the Equal Protection Clause, and his First Amendment rights.

**1.    Procedural Due Process.**

Plaintiff claims that it is a violation of his procedural due process rights to be denied access to all available material evidence. (Dkt. # 85 at 8). With regard to his past infraction hearing, Plaintiff points to ninety days of good-time credits lost as evidence that he was unable to argue his innocence. (Dkt. # 38, Exh. D-1). With regard to any future infraction hearing, Plaintiff argues that he has sufficiently shown a pattern of denial of procedural due process through the questionnaires of this fellow inmates. In addition, Plaintiff argues that if there is even a risk of prejudice, this should be sufficient to state a claim. (Dkt. # 85 at page 9).

REPORT AND RECOMMENDATION - 8

In *Wolff v. McDonnell*, 418 U.S. 539, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1974), the Supreme Court set forth the due process rights of a prison inmate at a disciplinary proceeding. Although the Court held that such prisoners do not enjoy the full panoply of due process safeguards, it also held that a prisoner is entitled to receive written notice of the charges against him at least 24 hours in advance of the hearing; to call witnesses and present documentary evidence in his defense, provided that doing so will not be unduly harmful to institutional safety or correctional goals; and to a receive written statement setting forth the disciplinary board's findings of fact. *Wolff*, 418, U.S. at 563-66, 94 S. Ct. at 2978-79. Under the "some evidence" standard, due process is satisfied if there is "some evidence" to support the decision by the prison disciplinary board, or hearing officer. *Superintendent v. Hill*, 472 U.S. 445, 455, 86 L. Ed. 2d 356, 105 S. Ct. 2768 (1985).

Plaintiff has not shown that he was not granted sufficient procedural due process with regard to his past infraction hearing. To the contrary, Plaintiff's Complaint indicates that he received notice of the hearing, that he was given an opportunity to review all related reports and summary of any confidential information, he was advised of his rights, including the right to request witness statements, a staff advisor and right to appeal. (Dkt.# 38, Exh. D-3). Plaintiff chose not to attend his disciplinary hearing. At the disciplinary hearing, Plaintiff was found guilty of the infractions on the grounds that the "written report is specific that the inmate fought with another inmate and was the aggressor. In addition he resisted movement and placed staff at risk." (*Id.*). Plaintiff did not deny or return the witness statement. (*Id.*). Plaintiff received a copy of the disciplinary hearing minutes and findings. (*Id.*).

It is not enough to simply state that the absence of a particular piece of evidence must result in the violation of due process. As the above cited cases make clear, if there is *some* evidence to support the decision of the prison disciplinary board, due process is satisfied. Plaintiff received all of

REPORT AND RECOMMENDATION - 9

the process that he was due concerning the disciplinary action taken for his past infraction hearing. He was given notice and an opportunity to be heard. He chose not to participate in the proceedings. Although Plaintiff may insist that a video recording of the incident was his only defense, he is asking this Court to speculate that the video recording would have shown him in a favorable light.[3]

Plaintiff has also failed to state a claim for violation of procedural due process relating to any *future* infraction hearing. Based on the "some evidence" standard set forth in *Wolf*, any attempt to plead such a claim for any future infraction hearing would be entirely speculative at this time. As noted above, Plaintiff is asking this Court to speculate that he will be infracted, that a correctional officer will fabricate the written report, that a security video camera will capture the incident, and that the video recording will be his only proof of innocence.[4]

It appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Accordingly, the undersigned recommends that Plaintiff's due process claim be dismissed.

**2. Equal Protection.**

Plaintiff claims that because DOC staff may retain security video tapes to use and submit as evidence, but inmates may not, the Equal Protection rights of the inmates under the Fourteenth

---

[3] A video recording may also not be the best evidence available. For example, in a kite requesting a video tape of an incident where Inmate James Davis was accused of involvement with contraband, Mr. Davis received a response, stating "I have an eye witness statement that saw the hand-off in person. That is much better than a video at this point." *See, e.g.*, Dkt. # 38, Exhibit E-2.

[4] By relying on the questionnaires as a "pattern" of ongoing future violations, Plaintiff is asking this Court to also engage in these same speculations as to other inmates. However, the infractions of which these individuals complain occurred in the past. Moreover, the facts and circumstances of the infractions, the disciplinary hearings and any pursuit by these inmates of other available legal remedies are not before this Court.

REPORT AND RECOMMENDATION - 10

Amendment are being violated. (Dkt. # 38, p. 10-12). Plaintiff relies on the following response to a kite he sent requesting the status of DOC policy on retention of video security tapes:

REASON/QUESTION

Per DOC Policy, can an inmate have a video security tape retained as evidence at a hearing if DOC staff did not, at their discretion, feel that the tape needed to be retained?

Any tape/Any date/in general - can an inmate retain tapes as evidence or is it solely at staff's discretion?

RESPONSE

No it would be a Security Violation. If it was not submitted for evidence by staff it will not be allowed.

(Dkt. # 38, Exh. E-1).

The Fourteenth Amendment forbids a state to "deny any person within its jurisdiction the equal protection of the laws." U.S. CONST. AMEND. XIV. The Equal Protection Clause guarantees that "all persons similarly circumstanced shall be treated alike." *Plyler v. Doe*, 457 U.S. 202, 216 (1982) (quoting *F.S. Royster Guano Co. v. Virginia*, 253 U.S. 412, 415 (1920)); *City of Cleburne*, 473 U.S. at 439; *Petition of Runyan*, 121 Wn.2d 432, 448, 853 P.2d 424 (1993) (quoting *Harmon v. McNutt*, 91 Wn.2d 126, 130, 587 P.2d 537 (1978)).

Plaintiff acknowledges that inmates are not members of a suspect class. (Dkt. # 85 at 12). Rather, Plaintiff alleges denial of equal protection based on his membership in the class consisting of inmates who have been denied access to the security video tapes that are available to DOC staff members for purposes of evidence at infraction hearings. Thus, a rational-basis review is applied to this type of equal protection complaint. *See*, *e.g.*, *Bankers Life and Cas. Co. v. Crenshaw,* 486 U.S. 71, 81 (1988) i(f there is no fundamental right or suspect class, only a rational relationship to a

REPORT AND RECOMMENDATION - 11

legitimate governmental interest need be shown).  In this type of review, the Court must determine whether the challenged legislation bears a rational relationship to a permissible state objective. *McQueary v. Blodgett*, 924 F.2d 829, 835 n. 7 (9th Cir. 1991).  The burden of proof rests with the person alleging unconstitutional discrimination. (*Id*.).  This standard has rarely been utilized by the Court to invalidate a state provision, and normally gives great deference to the validity of the questioned provision.  (*Id*.).

Defendant argues that because the lack of policy effects all prisoners in the same manner there can be no disparate treatment and thus, all members in Plaintiff's class are treated equally.  This conclusion is a somewhat over simplified application of the Equal Protection clause.  Under the rational-basis test, Plaintiff bears the burden of establishing a prima facie case of uneven application.  To state a cognizable claim, Plaintiff would have had to at least allege that Defendant systematically uses video tapes as evidence against inmates to their detriment.  This he has not done.  In addition, Plaintiff must allege an invidiousness or illegitimacy in DOC's policy before a cognizable claim arises: it is a "settled rule that the Fourteenth Amendment guarantees equal laws, not equal results." *Personnel Adm'r v. Feeney*, 442 U.S. 256, 273 (1979).

Plaintiff has made no such allegations.  Plaintiff alleges merely that DOC staff may retain the video recordings where inmates may not.  However, Exhibit C to Plaintiff's Complaint indicates that the video tapes in the unit are reused on a daily basis. (Dkt. # 38, Exh. C).

The undersigned concludes that the facts alleged, even if proven, would not establish that the lack of a retention policy violates the laws or Constitution of the United States.  Accordingly, Defendant's motion to dismiss Plaintiff's Equal Protection claim should be granted.

REPORT AND RECOMMENDATION - 12

### 3. First Amendment

The First Amendment to the United States Constitution protects freedom of speech, freedom of association, and freedom of religion. U.S. CONST. AMEND I. The Complaint contains no allegations of violations to Plaintiffs' right to freedom of speech, freedom of association, or freedom of religion. (*See* Dkt. # 38). Plaintiff argues, however, that his First Amendment right of access to courts is implicated by the fact that "the required 'proof' that security video tapes provide" is being withheld from him. (Dkt. # 85 at 13).

Prisoners have a federal constitutional right of access to the courts guaranteed by the Fourteenth Amendment. *See Bounds v. Smith*, 430 US. 817,821,97 S. Ct. 1491, 52 L. Ed. 2d 72 (1977); *see also Royse v. Superior Court*, 779 F.2d 573 (9th Cir. 1986). However, "prison law libraries and legal assistance programs are not ends in themselves, but only the means for ensuring 'a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts.'" *Lewis v. Casey,* 518 US. 343, 351, 116 S. Ct. 2174, 135 L. Ed. 2d 606 (1996); *Bounds*, 410 US. at 825.

The Ninth Circuit has established a two-step analysis for determining whether a right of access claim has merit. First, the court decides "whether the claimant alleges a denial of adequate law libraries or adequate assistance from persons trained in the law." *Sands v. Lewis,* 886 F.2d 1166, 1171 (9th Cir. 1989). If the claim does not involve denial of either, the court must determine whether the plaintiff alleges an actual injury to court access. *Id*. "An 'actual injury' is a specific instance where an inmate was actually denied access to the courts. *Sands*, 886 at 1171. In order to state a claim for relief, the plaintiff must establish either that (1) he was denied

REPORT AND RECOMMENDATION - 13

access to an adequate law library or trained legal assistance or (2) he was actually denied access to the courts. *Id.* A "temporary deprivation of an inmate's legal materials does not, in all cases, rise to a constitutional deprivation." *Vigliotto v. Terry,* 873 F.2d 1201, 1202-03 (9th Cir. 1989).

Plaintiff has not stated a cognizable claim for denial of access to courts nor has he stated a claim for violation of his First Amendment rights. Rather, Plaintiff complains that he was not given access to a particular piece of evidence that he claims may have been valuable in establishing his innocence. This is an argument more suitable during the infraction hearing or as a challenge through a personal restraint petition. Both are legal remedies which Plaintiff chose not to pursue.

Based on the facts plead by Plaintiff and the relief sought, the undersigned recommends that Defendants' motion to dismiss should be granted on Plaintiff's First Amendment claim. Allowing leave to amend would be futile as there is no constitutional right to access to security video recordings.

**C.     Plaintiff Is Not Entitled to Issuance of a Permanent Injunction**

The requirements for the issuance of a permanent injunction are "the likelihood of substantial and immediate irreparable injury and the inadequacy of remedies at law." *American-Arab Anti-Discrimination v. Reno*, 70 F.3d 1045, 1066-67 (9th Cir. 1995), citing *LaDuke v. Nelson*, 762 F.2d 1318, 1330 (9th Cir. 1985). In addition, the Supreme Court has cautioned that "jurisprudential concerns of 'equity, comity, and federalism' sharply constrict federal judicial oversight of 'state law enforcement authorities.'" *LaDuke*, 762 F. 2d at 1323 (citing *Los Angeles v. Lyons*, 461 U.S. 95, 112 (1983)).

As set forth more fully in Paragraph B above, Plaintiff has shown no threat of future injury to

REPORT AND RECOMMENDATION - 14

justify the issuance of a permanent injunction.  If he is involved in a situation again where he faces infraction, Plaintiff has other adequate legal avenues and remedies available to him to address any wrongs that may or may not occur.

### III. CONCLUSION

For the foregoing reasons, the undersigned recommends that Court should **GRANT** Defendant's motion to dismiss Plaintiff's claims with prejudice.  A proposed order accompanies this Report and Recommendation.   Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **April 27, 2007**, as noted in the caption.


DATED this  2nd  day of April, 2007.


/s/ Karen L. Strombom
Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 15